Filed 4/8/25  P. v. Marez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E082832 |
| v. | (Super.Ct.No. FWV037241) |
| VICTOR MAREZ, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Bridgid M. McCann, Judge.  Affirmed with directions.

Allen G. Weinberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Arlene A. Sevidal, James M. Toohey and Andrew Mestman, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Victor Marez appeals from the trial court's summary denial of his petition for resentencing under Penal Code section 1172.6.[1]  As the high court has just recently explained, contrary to defendant's contentions, a trial court may "rely on," as the lower court did here, "unchallenged, relief-foreclosing facts within a preliminary hearing transcript to refute conclusory, checkbox allegations" in a resentencing petition.  (*People v. Patton* (2025) 17 Cal.5th 549, 605 (*Patton*).)  On that basis, moreover, the trial court may deny the defendant's petition for failure to make the requisite prima facie showing for resentencing.  (*Ibid.*)  We therefore reject defendant's appellate challenge and affirm the trial court's order.  Following *Patton*'s example, however, "out of an abundance of caution [we] order a remand to the superior court with directions . . . to consider an amended petition should [defendant], within 30 days of . . . remand, seek to file one."  (*Id.* at p. 609.)  In other words, we affirm the trial court's order but remand with directions permitting defendant to file an amended petition—or not, at his election.

## BACKGROUND

In March 2006, defendant was charged with two counts of premeditated murder (§ 187, subd. (a)) for shooting Narciso Perez and Henry Armando Valle to death.  The allegations included multiple firearm enhancements (§ 12022.53, subds. (b), (c), (d)) and a gang enhancement (§ 186.22, subd. (b)) on each count.  Neither the felony complaint nor a subsequent information named another defendant nor indicated any co-perpetrator

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

2

or accomplice.  In May 2009, pursuant to a plea agreement, defendant pled guilty to two counts of voluntary manslaughter (§ 192, subd. (a)) and admitted personal use of a firearm (§ 12022.5, subd. (a)) in committing the slayings.  Defendant stipulated that the preliminary hearing transcript contained the factual basis for his plea.  He was sentenced under the plea agreement to a determinate term of 29 years four months in prison.

According to testimony at defendant's preliminary hearing on the murder charges, a deputy sheriff responded around 7:00 a.m. on January 20, 2005, to an investigation in progress in Chino Hills, where the victims' bodies were discovered in the front seat of a white van.  Both victims had been shot in the head; rigor mortis had begun.  A bag of partially eaten food was found in the van, along with a receipt indicating the food had been purchased at a fast-food restaurant that morning at 12:45 a.m.

On March 10, 2005, officers made a traffic stop and arrested defendant on an outstanding warrant when he departed a location under surveillance.  Defendant had a loaded .38-caliber handgun in his waistband, and the officers also seized defendant's cell phone.

Further investigation showed defendant made the last call to one of his victims' cell phones, received at 1:00 a.m. on the day of the shooting.  The investigation also indicated that defendant's cell phone pinged off of cellular phone towers near the location where the victims were found, around the estimated time of their deaths.  Subsequent ballistics testing revealed that bullets and bullet fragments recovered from the victims' bodies matched defendant's handgun.

More than a decade after his guilty plea, defendant in January 2022 filed a petition seeking resentencing under section 1172.6. Defendant's preprinted petition included checkmarked boxes next to statements he alleged as the basis for his petition, including that he "could not presently be convicted of murder . . . because of changes made to Penal Code §§ 188 and 189, effective January 1, 2019."

The trial court appointed counsel for defendant at his request. Appointed counsel filed a brief supplementing defendant's petition, "anticipat[ing]" in the brief that the prosecution would "seek to incorporate the Preliminary Hearing into the record herein as a basis for denying the petition," and objecting thereto. The supplemental brief added no specific factual allegations regarding the circumstances of the offense to support defendant's petition; instead, it relied on the petition's generic allegations.

The prosecutor filed a brief opposing defendant's petition, relying on the information charging only defendant with the murders, as well as other court records including the preliminary hearing transcript and the plea bargain defendant signed. The prosecutor argued that the records showed defendant "was an active shooter in this case" and, therefore, was "directly liable" on the "[m]urder charges originally filed" against him. The prosecution asserted defendant was not entitled to an evidentiary hearing on his petition because he raised no factual issue to suggest he was only an accomplice or otherwise not the person who shot the victims. Defendant did not file a reply, instead resting on his supplemental brief anticipating, and objecting to, the prosecutor's reliance on the preliminary hearing transcript.

At the hearing on the petition, the trial court stated it reviewed the preliminary hearing transcript as "part of the court record."

The court subsequently denied defendant's petition in a written order. The court noted it considered the preliminary hearing transcript in reaching its conclusion, exclusive of hearsay. The court found nothing in the record to indicate "imputed intent" lurked in defendant's conviction, nor "that either manslaughter was based upon a targeted offense that was not charged." The court concluded, "There has been no showing by petitioner that he was convicted of manslaughter of either victim under the natural and probable consequences doctrine," or under any theory proscribed by current law. Accordingly, the court declined to issue an order to show cause and conduct an evidentiary hearing on whether to grant defendant resentencing relief. Instead, the court found as a matter of law that defendant "has not made a prima facie case for relief."

## DISCUSSION

Defendant contends the trial court erred in finding he did not make the requisite prima facie showing to proceed to an evidentiary hearing on his petition for resentencing relief under section 1172.6. The court did not err.

"[S]ection 1172.6 applies to those who pled guilty to manslaughter after being charged with murder and who would have been subject to prosecution for murder under a felony murder theory, the natural and probable consequences doctrine, or any other theory of imputed malice. (§ 1172.6, subd. (a).) To be eligible for relief, the petitioner must make a prima facie showing that he could not presently be convicted of murder under changes to these theories of murder liability made effective January 1, 2019 by

5

Senate Bill No. 1437 (2017–2018 Reg. Sess.) . . . . (§ 1172.6, subd. (a)(3).) If the petitioner makes a prima showing, the trial court must conduct an evidentiary hearing on the petition for resentencing. (§ 1172.6, subds. (c), (d).)" (*People v. Gaillard* (2024) 99 Cal.App.5th 1206, 1211.)

Defendant's petition alleged as a predicate for resentencing relief that he could not now be convicted of murder under current law. (§ 1172.6, subd. (a)(3).) The parties do not dispute, however, that where the record of a conviction shows the defendant was the person who actually killed the victim, he or she remains liable under current law to be validly convicted of murder, and therefore is per se ineligible for resentencing under section 1172.6. (See, e.g., *People v. Harden* (2022) 81 Cal.App.5th 45, 47-48, 52; see also *People v. Jones* (2003) 30 Cal.4th 1084, 1119-1120 [a finding that the defendant personally used a firearm supports a determination the defendant was the actual killer].) Similarly, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no evidentiary hearing is required. (See, e.g., *People v. Delgadillo* (2022) 14 Cal.5th 216, 233, citing § 1172.6, subd. (a) [where the petitioner was the "only participant in the killing," he was not convicted under an invalid theory and could not have made a prima facie showing for resentencing relief].)

Against this backdrop, the parties contested in their briefing only whether the trial court could properly rely on the preliminary hearing transcript in evaluating defendant's resentencing petition. The Supreme Court has now resolved this question in *Patton*. The court held that "the record of conviction the parties [and the trial court] may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea."

6

(*Patton*, *supra*, 17 Cal.5th at p. 608.) The record of conviction the parties may consult at the prima facie stage includes a preliminary hearing transcript preceding a guilty plea

In *Patton*, the high court observed that "statements within Patton's preliminary hearing transcript contributed specific factual assertions about his conviction—namely, that it was premised on him being the sole shooter." (*Patton*, *supra*, 17 Cal.5th at p. 609.) The court held that "Patton's conclusory checkbox allegations alone could not create a factual dispute about whether he played a meaningfully different role in the attempted murder." (*Ibid.*)

Summarizing, the Supreme Court noted that "Patton's petition contains only a checkbox declaration with legal conclusions, he submitted no reply, and he made no argument when invited to do so at the prima facie hearing." (*Patton*, *supra*, 17 Cal.5th at p. 609.) In doing so, "Patton offered only conclusory allegations of entitlement to resentencing relief under section 1172.6 in response to a record of conviction that the lower courts viewed as foreclosing it because that record foreclosed the conclusion that Patton's conviction was under a now-invalid homicide theory." (*Ibid.*) *Patton* reaffirmed that, "before ordering an evidentiary hearing, a trial court may properly, at the prima facie stage, reference the record of conviction to " ' "refut[e]" ' " [citation] conclusory allegations in furtherance of its statutorily required screening function at that juncture of a section 1172.6 proceeding." (*Ibid*.) "[T]his is not," the high court emphasized, "impermissible factfinding" and, thus, the Court of Appeal there "correctly concluded Patton had not, on the record before it, made a prima facie showing." (*Ibid.*)

*Patton* likened the defendant's requisite prima facie showing to that in habeas cases or, in the civil context, to overcome a demurrer.  In the former, "conclusory allegations do not meet a habeas petitioner's prima facie burden"; rather, "a habeas petitioner [must] 'detail[] the facts upon which a conclusionary allegation is based.'" (*Patton*, *supra*, 17 Cal.5th at p. 606.)  *Patton* explained that this "particularity requirement helps courts identify 'material issues of disputed fact' " and, as such, " 'simply demands of [the petitioner] a measure of frankness in disclosing [the relevant] factual situation' supporting relief."  (*Ibid.*.)

By way of an example likening a section 1172.6 petitioner's prima facie showing to that necessary in the demurrer context, *Patton* noted:  "A dispute regarding the basis of a conviction might arise if, for instance, a petitioner points to specific facts that identify someone else as the direct perpetrator." (*Patton*, 17 Cal.5th at p. 607.)  The court elaborated:  "At the least, as the People note . . . , this may come from the record itself. But absent specific facts, no such dispute arises, as Patton asserts, from mere latent, speculative possibilities; that is, a hypothetical alternate direct perpetrator cannot be conjured from thin air or a legal conclusion.  (See *Chicago Title Ins. Co. v. Great Western Financial Corp.* (1968) 69 Cal.2d 305, 327 . . . ['unsupported speculation and argumentative allegations' do not suffice for a pleading to survive a demurrer]; *Dominguez v. Bonta* (2022) 87 Cal.App.5th 389, 398 . . . [same].)" (*Patton*, *supra*, 17 Cal.5th at pp. 607-608.)

So it is here.  Defendant's conclusory allegation in his petition that he could not now be convicted of murder under current law was insufficient to make his prima facie

8

showing for an evidentiary hearing and resentencing relief. This bare assertion was unbolstered by any specific facts to rebut the prosecution's contrary showing. The prosecution's contrary showing was properly founded in the preliminary hearing transcript to indicate that defendant was the victims' actual killer and indeed sole shooter. As such, defendant, contrary to his assertion, could properly be subject to prosecution and conviction for murder under current law. In view of defendant's failure to present anything in his petition or his attorney's supplemental brief in rebuttal, and indeed lacking any rebuttal whatsoever of the prosecution's showing, the trial court did not err in concluding defendant failed to meet his prima facie burden. As the Supreme Court explained, while this burden "is a ' "bar" ' that is set ' "very low," ' " it is not nonexistent. (*Patton*, *supra*, 17 Cal.5th at p. 607.) By statute, "a 'petitioner' must nonetheless 'make[] a prima facie showing' (§ 1172.6, subd. (c)) to frame a disputed issue that entitles that petitioner to an evidentiary hearing." (*Ibid*.)

In *Patton*, the defendant at oral argument in the Supreme Court requested "to be permitted to plead additional facts on remand," in the event the court—as it did—affirmed denial of his section 1172.6 petition at the prima facie stage. (*Patton*, *supra*, 17 Cal.5th at p. 609.) Despite upholding the trial court's ruling, the Supreme Court ordered remand based on the defendant's request. (*Ibid.*) Remand no doubt was also informed by: (1) the uncertainty of the law reflected in divergent Court of Appeal decisions up to that point on the relevant issues (see *id*. at p. 603), and (2) the Supreme Court's new reminder and endorsement that "[c]ourts should . . . implement section 1172.6 so that petitioners have 'meaningful' opportunities to present their petitions" (*id*. at p. 608),

including by way of pleading additional facts with specificity as in the habeas and demurrer contexts. (*Id.* at p. 609.) Thus, the *Patton* court held there that: "out of an abundance of caution—[we] will order a remand to the superior court with directions for that court to consider an amended petition should Patton, within 30 days of that remand, seek to file one." (*Ibid*.)

Here, we see no need to hold oral argument simply for defendant to make a request for remand, if he so desires. Instead, the Supreme Court's example informs our disposition ordering remand, but leaving it for defendant to decide, as in *Patton*, whether to seek to file an amended petition.

## DISPOSITION

The matter is remanded to the superior court with directions to consider an amended petition if defendant, within 30 days of our remittitur, seeks to file one. We otherwise affirm the trial court's order denying defendant's resentencing petition.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

McKINSTER
J.

10